# Milbank

**ALISON BONELLI**

*Associate*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5047
abonelli@milbank.com  |  milbank.com

December 22, 2020

**VIA ECF**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re:    *E.G. et al. v. The City of New York et al.*, No. 20-cv-9879 (AJN)

Dear Judge Nathan:

    We represent Plaintiffs in the above-captioned action. We write in follow-up to the December 16, 2020 oral argument, and in response to this Court's order dated December 18, 2020 (Dkt. No. 47), to provide the Court with an update regarding the named plaintiffs in this Action. Based on our most current information, the individual named plaintiffs continue to face significant internet connectivity issues that are impeding their children's ability to regularly attend school.

**Plaintiff O.M.**

    Plaintiff O.M. ("O.M.") resides at a shelter in Brooklyn with his son, who is a high school student in a New York City public school. On or about December 9, 2020, Defendants installed WiFi at O.M.'s shelter and placed an internet router on the floor in O.M's room, without providing technical support. O.M. is still unable to reliably connect to the internet. O.M.'s family often spends hours trying to connect to the internet each day for class, and frequently receives an error message that no WiFi networks are available. O.M. raised his internet connectivity issues with the shelter staff, but the staff was unable to assist. Although a technician visited O.M.'s apartment for an unscheduled check-in on O.M.'s router, the technician did not resolve the connectivity issues, and only moved the router to a different location in O.M.'s room. Since December 9, O.M.'s child

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Hon. Alison J. Nathan
December 22, 2020

has received three recorded absences from school on account of his inability to access his classes online.[1]

**Plaintiff M.M.**

Plaintiff M.M. ("M.M.") resides in a confidentially-located domestic violence shelter with her five children, four of whom are enrolled in a public school. According to Defendants, their "records reflect" that M.M.'s shelter extends WiFi to every room. (Dkt. No. 32, at 12.) However, the internet signal in M.M.'s room remains inconsistent and unreliable.[2] M.M. cannot regularly connect to her children's Zoom classes or Google classroom. When M.M. tries to connect to the shelter WiFi while in her room, she often receives an error message stating that there are "no networks available." Last week, M.M.'s children were unable to connect to their online classes at all.

**Plaintiff E.G.**

Plaintiff E.G. ("E.G.") resides at a shelter in Harlem with her four children, two of whom are enrolled in a public school. We understand that, at least as of December 9, 2020, E.G.'s iPad was not reliably connecting to the internet. We have received no information indicating that the internet connectivity issues at E.G.'s shelter, as outlined in E.G.'s declaration in support of Plaintiffs' preliminary injunction motion (Dkt. No. 15-13), have been remedied.

Respectfully Submitted,

/s/ Alison Bonelli

Alison Bonelli

cc:   Counsel to All Parties (via ECF)

---

[1] Plaintiffs dispute that the City's "Learning Bridges" program is an acceptable interim solution for the internet connectivity issues faced by students in shelters. Setting that aside, however, Learning Bridges is not an option for O.M.'s son because he is a high school student. (*See* Dkt. No. 32, at 7-8.)

[2] Defendants claim that M.M. filled out a survey on November 2, 2020 indicating that she did not have any issues with internet connectivity. (Dkt. No. 32, at 13.) M.M. does not recall filling out any such survey, and Defendants have not provided Plaintiffs with a copy or other record of any such survey response.