UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/21
```

------------------------------------------------------x

E.G., individually and as parent and natural
guardian of A.I. and L.I., minor children;
M.M., individually and as parent and natural
guardian of E.H., L.H., E.P., and E.P.,
minor children; O.M., individually and as
parent and natural guardian of A.M., a minor
child; and COALITION FOR THE
HOMELESS, on behalf of themselves and
all others similarly situated,

              Plaintiffs,

     -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF EDUCATION;
RICHARD A. CARRANZA, as Chancellor of
the New York City Department of Education;
NEW YORK CITY DEPARTMENT OF
SOCIAL SERVICES; STEVEN BANKS, as
Commissioner of the New York City
Department of Social Services; NEW YORK
CITY DEPARTMENT OF HOMELESS
SERVICES; JOSLYN CARTER, as
Administrator of the New York City
Department of Homeless Services; NEW
YORK CITY HUMAN RESOURCES
ADMINISTRATION; GARY JENKINS as
Administrator of the New York City Human
Resources Administration; NEW YORK CITY
DEPARTMENT OF INFORMATION
TECHNOLOGY AND
TELECOMMUNICATIONS; and JESSICA
TISCH, as Commissioner of the New York
City Department of Information Technology
and Telecommunications,

              Defendants.

------------------------------------------------------x

No. 20-cv-9879 (AJN)

~~[PROPOSED]~~ STIPULATED
PROTECTIVE ORDER AND
CLAWBACK AGREEMENT

The Parties in the above-captioned action, by and through their respective counsel, hereby agree and stipulate, pursuant to Federal Rule of Civil Procedure 26(c), subject to the approval of the Court, that the following Stipulated Protective Order and Clawback Agreement ("Order") shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action (the "Litigation"), because discovery in the Litigation may involve production of confidential, proprietary, competitively and/or highly sensitive, personally identifiable or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting or defending this Litigation, would be warranted.

1.      **DEFINITIONS**

(a)      <u>Confidential Discovery Material</u>.  Any Discovery Material designated as "Confidential" pursuant to Paragraph 3(a) herein.

(b)      <u>Derivative Information</u>.  As defined in Paragraph 3(c) herein.

(c)      <u>Designating Party</u>.  Any person or entity, whether a Party or Non-Party, that designates Discovery Material in this Litigation.

(d)      <u>Discovery Material</u>.  Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given, or exchanged in this Litigation, regardless of the medium or manner generated, stored, or maintained.

(e)      <u>Non-Party</u>.  Any person or entity that is not a Party to the Litigation.

(f)      <u>Objecting Party</u>.  As defined in Paragraph 8(b) herein.

(g)     <u>Producing Party</u>.  Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Litigation.

(h)     <u>Protected Material</u>.  As defined in Paragraph 7(a) herein.

(i)     <u>Receiving Party</u>.  Any Party receiving Discovery Material in the Litigation.

## 2.     PURPOSES AND LIMITATIONS

Subject to Paragraph 10(a), all Discovery Material (including, but not limited to, Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final.  The Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 4 herein.  The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of copies of Discovery Material marked "Confidential."

## 3.     DESIGNATING DISCOVERY MATERIAL

(a)     <u>Confidential Designations</u>.  Any Producing Party may designate Discovery Material it produces as "Confidential" only if that party believes in good faith that such Discovery Material contains or reflects non-public personal (including personally identifiable), financial, proprietary, customer, or client information, business information, commercially and/or highly sensitive information, trade secrets, product research or development, or information that is

entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection, or secrecy laws or regulations), regulations governing the disclosure of government or agency documents, or Fed. R. Civ. P. 26(c)(1)(G).  Confidential Discovery Material includes but is not limited to personally identifiable information related to the named plaintiffs in the Litigation and shelter property addresses, including zip code, borough, and facility names.

(b)     Manner of Designations.  For purposes of this Order, Producing Parties shall designate Confidential Discovery Material in the following manner:

(i)     In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the Producing Party shall designate Confidential Discovery Material by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Confidential Discovery Material as "CONFIDENTIAL" in a "Designation" or "Confidentiality Designation" data field for productions that include metadata; and (iii) providing any Confidential Discovery Material in a separate "Confidential" production volume, including full families of such Confidential Discovery Material.  To the extent Confidential Discovery Material is contained in a document that is produced natively, such as an Excel spreadsheet, the native file should be produced along with a placeholder TIFF image that reflects the native file's production Bates number and the appropriate confidentiality designation.

(ii)     In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes), the Producing Party shall

affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(iii)     In the case of depositions, counsel for any Party may designate as "Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed to contain Confidential Discovery Material.  The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony, except with respect to deposition testimony for purposes of an evidentiary hearing in connection with Plaintiffs' Motion for Preliminary Injunction ("Preliminary Injunction Hearing"), the Designating Party shall provide such written notice in no later than five (5) days.  The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated as "Confidential."  Until the expiration of the 30-day or 5-day period, as applicable, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential Discovery Material.  Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(c)     <u>Derivative Information</u>.     Extracts, summaries, compilations and descriptions of Confidential Discovery Material and notes, electronic images, or databases

containing Confidential Discovery Material ("Derivative Information") shall be treated as "Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

                (d)    <u>Failure to Designate</u>.  If a Producing Party produces Discovery Material that it considers to be "Confidential" without affixing the appropriate legend(s) to such Discovery Material, produces two or more identical copies of Discovery Material (*i.e.*, duplicates) with inconsistent legends, or fails to designate deposition or other testimony within the time period provided in Paragraph 3(b)(iii), or if a Party fails to designate Discovery Material produced by a Non-Party within the time period provided in Paragraph 12(c), the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties or, in the event of a production by a Non-Party, all Parties (i) written notice of such designation and (ii) properly designated copies of such Discovery Material and any Derivative Information, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order.  The Receiving Party or, in the event of a production by a Non-Party, all Parties must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order.  Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as "Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party or Non-Party.  If designation in accordance with Paragraph 3(b)(i) or 3(b)(ii) is impractical or impossible, the Parties should meet and confer to develop an acceptable protocol for designation.

(e) <u>No Waiver</u>.  Disclosure by the Producing Party of Discovery Material designated as "Confidential" regardless of whether the information was so-designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

4.    **ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL**

(a) <u>Use of Confidential Discovery Material</u>.  No person shall disclose, or cause another person to disclose, Confidential Discovery Material to any other person except as provided in this Order.  A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize, or otherwise communicate or make available such Confidential Discovery Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization, or communication is reasonably necessary for the prosecution or defense of this Litigation:

(i)    counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(ii)    a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself;

(iii)    a Party's former employees and directors who have agreed to be bound by this Protective Order by executing Exhibit A hereto;

(iv)    experts or consultants and their employees and/or staff members engaged to prepare a written opinion, testify, or assist counsel for a Party in the Litigation, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant and their employees and/or staff members have signed an undertaking in the form attached as Exhibit A hereto;

(v)    any witness during their deposition or other proceeding in this Litigation.  All such witnesses, and their counsel, will be bound by the provisions of the Protective Order, and no such witnesses or deponents or their counsel (except to the extent the counsel represents a Party) shall be permitted to retain any Confidential Discovery Material;

(vi)    any fact witness in this Litigation or any person whom a Party's counsel believes in good faith will testify in this Litigation, and his or her counsel, to the extent the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the witness's testimony, and provided that such witness and his or her counsel has signed an undertaking in the form attached as Exhibit A hereto and is not provided by the Receiving Party with copies of such Confidential Discovery Material for his or her retention.  Confidential Discovery Material may be disclosed to a witness who refuses to sign Exhibit A, attached hereto, if the witness has been told that the Confidential Discovery Material may be protected by federal and applicable state law, and that misuse, misappropriation or wrongful disclosure of Confidential Discovery Material might subject the witness to civil and/or criminal liability.  Counsel shall safeguard all such documents, furnish them one at a time to the witness in preparations, collect and safeguard them after each individual use, not permit the witness to copy or take notes

concerning such documents and, at the time of testimony, represent at the inception of the witness's testimony adherence to this Order;

(vii)     the original source of information reflected in Confidential Discovery Material, provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or recipient of such Confidential Discovery Material, only the portion of such Confidential Discovery Material reflecting information provided by the source may be disclosed to the source;

(viii)     any person who is identified as an author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention;

(ix)     court reporters and videographers and their respective staffs retained in connection with the Litigation;

(x)     the Court, necessary Court personnel, and jurors;

(xi)     any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution, provided that such meditator, arbitrator, or other person has signed an undertaking in the form attached as Exhibit A hereto; and

(xii)     any other person agreed upon in advance by all Parties in writing or on the record, or any person as to whom the Court directs should have access.

(b)     Absent an order of the Court directing otherwise, there is no requirement that a Party who discloses information or items designated as "Confidential" disclose the identities of the recipients of such information or produce any executed Exhibit A, attached hereto.

(c)     Disclosure to Unauthorized Persons.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

(d)     Use by Additional Parties.  In the event that additional persons or entities become parties to the Litigation (a "New Party"), neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

(e)     Limitations on Use.  Every person or entity given access to Confidential Discovery Material or information contained therein:

(i)     shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; and

(ii)    shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

5.     **FILING DESIGNATED DISCOVERY MATERIAL**

(a)     <u>Filing Designated Discovery Material</u>.  In the event that a Receiving Party determines to file or submit any papers containing or making reference to any Confidential Discovery Material produced by a Producing Party, such papers, or any portions thereof containing or making reference to such Confidential Discovery Material, shall be filed either in redacted form or with a request that the papers be filed under seal in accordance with the Southern District of New York's Electronic Case Filing Rules and the rules of the Court (and kept under seal until further order of the Court).

(b)     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

(c)     <u>Removal of Sealed Records</u>.  Sealed records that have been filed may be removed by the Designating Party (i) within 90 days after a final decision disposing of the Litigation is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

6.     **USE OF DESIGNATED DISCOVERY MATERIAL IN COURT**

<u>Use of Confidential Discovery Material in Court</u>.  Unless applicable rules or the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing, conference, or trial, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of the court appearance, without being obligated to identify the particular Confidential Discovery Material to be used.  Whether or not any such advance notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct,

regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material.  This provision is not intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

7.     **CLAWBACK OF PROTECTED MATERIAL**

      (a)     <u>Production Not a Waiver</u>.  Production or disclosure of any Discovery Material in the Litigation or any other proceeding that the Producing Party subsequently claims is highly sensitive but not responsive, contains personally identifiable information, and/or is protected by any privilege or protection recognized by law (including but not limited to the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and/or the joint defense or common interest doctrines) (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege, protection, highly sensitive nature, personally identifiable information, and/or non-responsiveness applicable to that material or its subject matter or the right to object to the production or disclosure of the Protected Material in this Litigation or any other proceeding, and shall be governed by the procedures set forth in paragraph 7(b).  It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege or protection, and/or entitled to work product protection.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(c), and any other applicable law, and shall specifically exclude the application of Federal Rule of Evidence 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order.

      (b)     <u>Clawback Procedure</u>.

(i)     Any Party that produces Protected Material, or any other party purporting to hold a privilege or applicable protection, may notify in writing the Party receiving Protected Material that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand").  Such demand shall be made after the Producing Party discovers that the Protected Material was produced or disclosed and shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document or information) and the basis for the claim of privilege or protection.  For Protected Material that is protected by the attorney-client privilege, the attorney work product, the deliberative process privilege, the joint defense or common interest doctrines, and/or any other privilege recognized by law, the Producing Party shall provide a privilege log within ten (10) business days of the Clawback Demand.

(ii)     Immediately upon identifying a document or information produced by the Producing Party that appears to be protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and/or the joint defense or common interest doctrines, the Receiving Party shall (1) notify the Producing Party in writing of its receipt of the potentially Protected Material, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand; and (2) cease any inspection, use, or disclosure of the potentially Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material, regardless of whether the Receiving Party agrees with the claim of privilege, or protection.

(iii)     Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, high sensitive but not responsive nature, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

(iv)     In the absence of written permission by the Producing Party or an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and/or the joint defense or common interest doctrines, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action.

(v)     The Receiving Party, within ten (10) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, highly sensitive nature, personally identifiable information, and/or non-responsiveness, shall: (a) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies, (b) notify any third party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Producing Party or destroy it; and (c) destroy any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.  If any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately be destroyed.

13

The Receiving Party shall provide written assurance to the Producing Party that these actions have been completed within ten (10) days of receiving a Clawback Demand.  If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce a redacted version of the document or information subject to the Clawback Demand.

(vi)   Notwithstanding the directives of the above, if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required by rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand.  The Receiving Party's motion and/or argument to the Court (i) shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in the Clawback Demand or a privilege log; and (ii) shall not disclose that the material was subject to a Clawback Demand.  The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Receiving Party is not subject to the directives set forth in Paragraph 7(b)(iv) until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information.  The Receiving Party is enjoined from using in any manner the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material (aside from in connection with the motion as limited in this paragraph), until the motion is resolved.

(vii)    Any Party opposing a Producing Party's assertion of attorney-client privilege, any other applicable privilege, highly sensitive nature, personally identifiable information, non-responsiveness, and/or entitlement to work product protection shall not assert as a ground for opposing such an assertion that the Producing Party waived any privilege or protection because of inadvertent production in this Litigation.

## 8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)    <u>Failure to Challenge Not a Waiver</u>.   A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential" or a failure to so designate at the time of the designation, and the failure to so challenge shall not waive or otherwise preclude a subsequent challenge to such designation or failure to designate in accordance with Paragraph 8(c) herein.

(b)    <u>Time to Challenge Designation</u>.   A Party may object to the designation of Discovery Material as "Confidential" (the "Objecting Party"), or a failure to so designate, at any time.

(c)    <u>Procedure for Challenging Designation</u>.   In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential" or a failure to so designate, the Objecting Party shall give written notice to counsel for the Producing Party and all Parties in the Litigation of the reasons for the objection.  The Objecting Party and the Producing Party shall attempt in good faith to resolve all objections by agreement.  If any objections cannot be resolved by agreement, the Objecting Party may, in accordance with Paragraph 5, submit the issue to the Court at any time.  Any Discovery Material as to which such an issue is raised shall continue to be treated as Confidential Discovery Material until the Court's decision on the issue or the Producing Party withdraws such designation in writing, or, if the challenge is for a failure of a Party to

designate Discovery Material as "Confidential," such Discovery Material shall be treated at the level sought by the Objecting Party until the Court's decision on the issue or the Objecting Party withdraws such objection in writing.

## 9.  FINAL DISPOSITION

The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, make commercially reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and Derivative Information, or return such materials to counsel for the Producing Party, provided that no Receiving Party shall be required to remove the Producing Party's Confidential Information from its email archives and backup tapes.  Counsel for the Parties shall be entitled to retain work product, court papers, deposition transcripts and trial transcripts that contain, reference or constitute Confidential Discovery Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter, or that are in use or may be used in a pending proceeding, as described in Paragraph 10(a); provided, however, that such counsel, and employees of such counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

## 10.  LEGAL PROCESS

(a)  <u>Notice of Process and Objections</u>.  If a Receiving Party receives a public record request, is subpoenaed in another proceeding, or is served with a document demand or other similar legal process or order in another proceeding, including any proceeding before any other

court, arbitration panel, regulatory agency, law enforcement or administrative body, and such request, subpoena, document demand, or order seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice pursuant to Paragraph 10(b) hereto, within seven (7) business days of receipt, to counsel for the Producing Party that designated the Discovery Material as "Confidential" in this Litigation.  The Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, including, but not limited to, objections in the form of a motion to quash or modify the subpoena, unless compelled or otherwise required by law.  The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order.  Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential" in this Litigation.

   (b) <u>Form of Notice</u>.  Any written notice required by Paragraph 10(a) hereto shall be sufficient if made, given, furnished, or filed, in writing, to: (a) counsel to Plaintiffs, Grant R. Mainland, Milbank LLP, 55 Hudson Yards, New York, NY, 10001; (b) counsel to Defendants, Sabita Krishnan, New York City Law Department, 100 Church Street, 20th Floor New York, NY, 10007.

**11.     PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS**

This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is, or becomes public knowledge, not in breach of this Order or any other court order; (ii) is properly acquired, developed, or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

**12.     NON-PARTIES**

(a)     <u>Protection for Non-Parties</u>.  Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

(b)     <u>Duty to Notify Non-Parties</u>.  The subpoenaing or requesting party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

(c)     <u>Right of Party to Designate</u>.  To the extent that any Non-Party produces Discovery Material in this Litigation that contains Confidential Discovery Material of a Party to this Litigation, that Party may designate such Discovery Material as "Confidential" for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material, except with respect to Discovery Material produced for purposes of the Preliminary Injunction Hearing, that Party shall provide such written notice within ten (10) days.  Until the expiration of the 60-day or 10-day period, as applicable, the Parties shall treat any Discovery Material produced

by a Non-Party as Confidential Discovery Material.  Thereafter, only those portions of such Discovery Material designated as "Confidential" shall be deemed Confidential Discovery Material.

**13.    MISCELLANEOUS**

(a)    Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Order, shall not:

(i)    operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

(ii)    operate as an admission by the Parties that any particular document or information is or is not responsive, relevant, privileged, reflective of personally identifiable information, and/or admissible in this Litigation;

(iii)    prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Discovery Material, in connection with this Litigation or any other proceeding;

(iv)    prevent, limit, or restrict the Parties' right to conduct a full review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure;

(v)    override any attorney's ethical responsibilities to refrain from examining or disclosing Discovery Material that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such material has been produced;

(vi)     prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(vii)     waive any applicable privilege, protection, or immunity;

(viii)     waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

(ix)     prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Confidential Discovery Material;

(x)     prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(xi)     affect, or be construed to affect, in any way the admissibility of any document, interrogatory response, or other evidence at hearings or trial of the Litigation.

(b)     It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

(c)     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Litigation.

(d)     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

(e)     This Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which

when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

(f)     This Order shall become effective as a stipulation among the Parties immediately upon its execution.

DATED:  January [_], 2021                    MILBANK LLP

                                                            */S/ Grant R. Mainland*
                                                            _____

                                                            Grant R. Mainland
                                                            Alison M. Bonelli
                                                            Maria Esperanza Ortiz
                                                            55 Hudson Yards
                                                            New York, NY 10001
                                                            Telephone: (212) 530-5251
                                                            GMainland@milbank.com

                                                            THE LEGAL AID SOCIETY

                                                            */S/ Susan J. Horwitz*
                                                            _____

                                                            Susan J. Horwitz
                                                            Joshua Goldfein
                                                            Beth Hofmeister
                                                            Kathryn Kliff
                                                            199 Water Street
                                                            New York, NY 10038
                                                            Telephone: (212) 577-3300
                                                            SHorwitz@legal-aid.org

                                                            *Lead Counsel for Plaintiff*

DATED:  January [_], 2021                NEW YORK CITY LAW DEPARTMENT

                                         */S/ Sabita Krishnan*
                                         _____

                                         James E. Johnson
                                         Sabita Krishnan
                                         Hope Lu
                                         Melanie Ash
                                         New York City Law Department
                                         100 Church Street, 20th Floor
                                         New York, NY 10007
                                         Telephone:  (212) 356-2273
                                         skrishnan@law.nyc.gov

                                         *Counsel for Defendants*

SO ORDERED:

DATED:  _____              _____
        January 19, 2021                 THE HONORABLE ALISON J. NATHAN
                                         UNITED STATES DISTRICT JUDGE

> Nothing in this Order affects the parties'
> obligation to comply with Rule 4 of the
> Court's Individual Practices in Civil Cases
> governing redactions and filing under
> seal, or with any of the Court's other
> Individual Practices, as relevant.
> SO ORDERED.

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

E.G., individually and as parent and natural
guardian of A.I. and L.I., minor children;
M.M., individually and as parent and natural
guardian of E.H., L.H., E.P., and E.P.,
minor children; O.M., individually and as
parent and natural guardian of A.M., a minor
child; and COALITION FOR THE
HOMELESS, on behalf of themselves and
all others similarly situated,

                     Plaintiffs,

       -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF EDUCATION;
RICHARD A. CARRANZA, as Chancellor of
the New York City Department of Education;
NEW YORK CITY DEPARTMENT OF
SOCIAL SERVICES; STEVEN BANKS, as
Commissioner of the New York City
Department of Social Services; NEW YORK
CITY DEPARTMENT OF HOMELESS
SERVICES; JOSLYN CARTER, as
Administrator of the New York City
Department of Homeless Services; NEW
YORK CITY HUMAN RESOURCES
ADMINISTRATION; GARY JENKINS as
Administrator of the New York City Human
Resources Administration; NEW YORK CITY
DEPARTMENT OF INFORMATION
TECHNOLOGY AND
TELECOMMUNICATIONS; and JESSICA
TISCH, as Commissioner of the New York
City Department of Information Technology
and Telecommunications,

                    Defendants.

--------------------------------------------------------x

No. 20-cv-9879 (AJN)

CERTIFICATION

I hereby certify (i) my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Joint Stipulation and Protective Order, dated January [_], 2020 (the "Order"), and (ii) that I have read the Order.  I understand the terms of the Order, agree to be fully bound by its terms, and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this Litigation, any Confidential Discovery Material that is disclosed to me.  Upon the conclusion of the Litigation (or, if applicable, a proceeding described in Paragraph 10(a) of the Order) and any appeals related thereto, or when I no longer have any reason to possess the Discovery Material, whichever shall first occur, I hereby agree to return all copies of Discovery Material to the Party who furnished the same to me or certify that commercially reasonable efforts have been taken to destroy all such Discovery Material.

_____

Dated: