UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
E.G., individually and as parent and natural
guardian of A.I. and L.I., minor children; : No. 20-cv-9879 (AJN)
M.M., individually and as parent and natural :
guardian of E.H., L.H., E.P., and E.P., :
minor children; O.M., individually and as :
parent and natural guardian of A.M., a minor :
child; and COALITION FOR THE :
HOMELESS, on behalf of themselves and :
all others similarly situated, :
 :
              Plaintiffs, :
 :
   -against- :
 :
THE CITY OF NEW YORK; NEW YORK :
CITY DEPARTMENT OF EDUCATION; :
MEISHA PORTER, as Chancellor of the New :
York City Department of Education; NEW :
YORK CITY DEPARTMENT OF SOCIAL :
SERVICES; STEVEN BANKS, as :
Commissioner of the New York City :
Department of Social Services; NEW YORK :
CITY DEPARTMENT OF HOMELESS :
SERVICES; JOSLYN CARTER, as :
Administrator of the New York City :
Department of Homeless Services; NEW :
YORK CITY HUMAN RESOURCES :
ADMINISTRATION; GARY JENKINS as :
Administrator of the New York City Human :
Resources Administration; NEW YORK CITY :
DEPARTMENT OF INFORMATION :
TECHNOLOGY AND :
TELECOMMUNICATIONS; and JESSICA :
TISCH, as Commissioner of the New York :
City Department of Information Technology :
and Telecommunications, :
 :
             Defendants. :
--------------------------------------------------------x

## [PROPOSED] STIPULATION AND ORDER OF SETTLEMENT

**WHEREAS**, Plaintiffs commenced the instant lawsuit as a class action complaint on November 24, 2020, alleging that Defendants violated federal and state law by denying homeless students living in shelters their right to a sound basic education through their failure to provide reliable internet service at shelters throughout the City;

**WHEREAS**, Plaintiffs filed an Amended Class Action Complaint on December 14, 2020.

**WHEREAS**, Defendants deny each and every allegation contained in the Amended Class Action Complaint;

**WHEREAS**, by order dated December 30, 2020, the Court denied Defendants' request to deny the preliminary injunction motion based on the existing record and granted Plaintiffs' request for expedited discovery on all disputed factual issues in advance of an evidentiary hearing, but otherwise did not grant any interim relief;

**WHEREAS**, no finding of liability has been made;

**WHEREAS**, the parties desire to settle this action on terms and conditions just and fair to all parties;

**WHEREAS**, the parties have conducted extensive, arm's-length negotiations to resolve the issues in this action and have resolved those issues as specified in this Stipulation and Order of Settlement ("Stipulation");

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

## I.  DEFINITIONS

1. <u>Altice</u>:  Altice USA, an American cable television provider with headquarters in New York City.  References to Altice are inclusive of any representatives, agents, employees, directors, managers, contractors, or subcontractors Altice might employ.

2. <u>Charter</u>:  Charter Communications or Charter Spectrum, an American telecommunications and mass media company headquartered in Stamford, Connecticut.  References to Charter are inclusive of any representatives, agents, employees, directors, managers, contractors, or subcontractors Charter might employ.

3. <u>Class Member</u>:  Any individual who is a member of the Class as defined in paragraph 18.

4. <u>Dashboard Spreadsheet</u>:  The Excel spreadsheet tracking the progress of Defendants' Shelter WiFi installation process that is primarily maintained and updated by the New York City Department of Information Technology and Telecommunications ("<u>DoITT</u>"), and that contains the following three tabs: (1) a tab with data reflecting a "dashboard" summary of the installation progress; (2) a tab specific to Charter and its shelter-level installation progress; and (3) a tab specific to Altice and its shelter-level installation progress.

5. <u>Defendant</u> or <u>Defendants</u>:  The following Defendants that Plaintiffs named in the Amended Complaint: the City of New York; New York City Department of Education ("<u>DOE</u>"); Meisha Porter, as Chancellor of DOE; New York City Department of Social Services ("<u>DSS</u>"); Steven Banks, as Commissioner of DSS; New York City Department of Homeless Services ("<u>DHS</u>"); Joslyn Carter, as Administrator of DHS; New York City Human Resources Administration ("<u>HRA</u>"); Gary Jenkins as Administrator of HRA; DoITT; and Jessica Tisch, as

2

Commissioner of DoITT; or any representatives, agents, or employees acting on Defendants' behalf.

6. <u>DHS Shelter for Families with Children</u>:  Any of the buildings or commercial hotels operated or supervised by Defendant DHS that provide shelter in New York City for families with school-aged minor children experiencing homelessness.

7. <u>Effective Date</u>:  The date on which this Stipulation is entered as an order of the Court.

8. <u>HRA Domestic Violence Shelter</u>:  Any of the buildings operated or supervised by HRA that provide shelter in New York City for families who are survivors of domestic violence and have school-aged minor children.

9. <u>Learning Bridges</u>:  A New York City program that provides free child care options for children 3-K through 8th grade enrolled in blended learning on the days that they are scheduled for remote learning, or, for children 3-K through 8th grade enrolled in 100% remote learning, on any School Day.

10. <u>DOE Helpdesk Data</u>:  An Excel spreadsheet containing the raw underlying data of Helpdesk technical support requests from and/or outreach to families residing in Shelters.

11. <u>School Day</u>:  Any day during which school is in session at schools of the New York City school district.

12. <u>Settlement Period</u>:  The period of time from the Effective Date until the termination of the Court's jurisdiction over this action upon either: the completion of in-unit WiFi installation at all Shelters listed on Exhibit A; or the date on which DOE schools return to full-time in-person, non-blended instruction without any threshold that would trigger the return to blended or remote learning, whichever is earlier.

13. <u>Shelter</u> or <u>Shelters</u>:  Any of the DHS Shelters for Families with Children or HRA Domestic Violence Shelters.

14. <u>Shelter Provider</u> or <u>Provider</u>:  Any entity that, through contractual, licensing, or other arrangements with DHS or HRA, operates or runs any Shelter, or DHS or HRA itself, to the extent it directly operates Shelters.

15. <u>Shelter Staff</u>:  Any employee of an entity that, through contractual, licensing, or other arrangements with DHS and/or HRA, operates or runs any Shelter, including DHS or HRA themselves.

16. <u>Substantially Complete</u>:  With respect to WiFi installation, substantially complete means that in-unit modems and routers have been installed in each Shelter unit, except with respect to Shelters that have installed hallway access points as indicated in Exhibit A, where in-unit modems and routers will be installed after other shelters on Exhibit A are completed; and/or where factors outside of Defendants' control or unexpected issues relating to construction or access have delayed WiFi installation.

## II.  CLASS CERTIFICATION

17. For purposes of settlement, the parties agree to certification of a mandatory Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

18. The Class shall be defined as all 3-K to 12th grade students, and custodial parents or guardians of such students, who are enrolled in any school, whether public or non-public, who currently reside in or resided in DHS Shelters for Families with Children and/or HRA Domestic Violence Shelters operated by or on behalf of the City of New York and/or any of its agencies at any time from March 26, 2020 through the end of the Settlement Period, and who lack or lacked

reliable internet access inside said shelters (the "Class") at any time from March 26, 2020 through the end of the Settlement Period.

### III.  SETTLEMENT PROCEDURES

19. The parties shall take all necessary steps to obtain Court approval of this Order.

20. Promptly after this Stipulation has been fully executed, Plaintiffs' Counsel shall make a motion to the Court for preliminary approval of the settlement, which includes certification of a mandatory class, as defined in Paragraph 18, for settlement purposes.  Defendants shall not oppose this motion.  Plaintiffs' Counsel shall also request that, if the Court certifies a class for settlement purposes, the Court enter an Order for Notice and Hearing, in a form to be agreed upon by the parties, setting procedures and a date for a fairness hearing on the proposed settlement and approving a notice of settlement to be provided to putative class members (the "Settlement Notice").

21. If and when a class is certified for settlement purposes, DSS shall post and/or direct Shelter Providers to post copies of the Settlement Notice, in a form to be agreed upon by the parties, at the DHS Shelter for Families with Children intake center (PATH) and every Shelter in which school-aged children reside within ten (10) business days of the date of the Court's order for Notice and Hearing.  DOE will additionally post the Settlement Notice on the Students in Temporary Housing page of the DOE website.  The Legal Aid Society and Coalition for the Homeless will post copies of the Settlement Notice on their respective websites within ten (10) business days of the Court's order for Notice and Hearing.  Defendants shall solely be responsible for all costs associated with posting the Settlement Notice at DHS Shelter for Families with Children and HRA Domestic Violence Shelter facilities.

22. If (i) the Court denies the agreed-upon certification of a mandatory settlement class; (ii) the Court declines to enter the Order for Notice and Hearing; or (iii) the Court refuses to approve this Stipulation or any material part of it ("Court Denial Events"), the parties shall within seven (7) business days of any Court Denial Event enter into this settlement agreement on the terms contained herein less paragraphs 3, 17, 18, 20-22 and any reference to class members shall be removed ("Revised Stipulation"), except that if any Court Denial Event occurs after the date when Defendants have Substantially Completed WiFi installation at all shelters listed on Exhibit A or after DOE schools have returned to full-time in-person, non-blended instruction without any threshold that would trigger the return to blended or remote learning, whichever is earlier, Defendants or Plaintiffs' Counsel have the right to terminate the settlement and this Stipulation by providing written notice of their election to do so within seven (7) business days of any Court Denial Event. All provisions of this Stipulation except those relating to class certification would apply to the Revised Stipulation.

### IV.  PARTIES' OBLIGATIONS

23. The provisions of this Stipulation and the parties' obligations pursuant to it shall extend only from the date of execution of this Stipulation until the end of the Settlement Period.  Once the Settlement Period has ended, the parties' obligations and the Court's jurisdiction automatically end, and the parties will execute and file a Stipulation of Dismissal with prejudice.

24. All iPads, tablets, SIM cards, and individual hotspots referenced in this Stipulation and Order refer only to DOE-issued devices.  Any obligation to provide devices or services as described in this Stipulation and Order shall only be to students that DOE determines are eligible to receive such devices or services.

25. Defendants shall Substantially Complete WiFi installation no later than August 31, 2021.[1]

26. DSS shall instruct Shelter Providers to continue to affix prominent signage in all Shelters alerting residents, in all Local Law 30 languages, to the availability of the DOE Helpdesk and technical support.

27. DSS shall instruct Shelter Providers to give each Shelter residence a fact sheet containing information, in the applicable Local Law 30 language, regarding the availability of the DOE Helpdesk and technical support. The fact sheet will be delivered to each unit reasonably promptly following the parties' execution of the Stipulation.

28. DSS shall instruct Shelter Providers to give each new Shelter family, as part of the intake and arrival process, a fact sheet containing information, in the applicable Local Law 30 language, regarding the availability of the DOE Helpdesk.

29. DSS shall instruct Shelter Providers to discuss the status of residents' internet connectivity during regularly scheduled meetings with Shelter case managers.

30. DOE shall ensure that, for all families who report an iPad-related issue to the Helpdesk, DOE will (a) reach out to those families within one (1) School Day of receiving the report; (b) undertake best efforts to determine via the Helpdesk if there is a need to exchange a DOE-provided SIM card, tablet, or individual hotspot, where appropriate, within two (2) School Days of speaking with the families; and (c) if there is such a need, undertake best efforts to schedule the exchange within three (3) School Days of determining that there is a need.

---

[1] This provision shall be understood to be inclusive of any additional Shelters that are opened subsequent to the creation of Exhibit A and in operation by August 31, 2021.  To the extent a Shelter that is currently included on Exhibit A is planned to be opened by August 31, 2021, but such opening is delayed beyond August 31, 2021, the parties agree that the Shelter will be removed from Exhibit A.  The parties also agree that Defendants may amend Exhibit A to remove a Shelter that is closed or no longer used as a shelter for families with school-aged children.

31. With respect to Shelters where in-unit WiFi installation will not be complete by April 1, 2021:

    a. Defendants have identified the Shelters from Exhibit A that are not anticipated to have in-unit WiFi installed by April 1, 2021 (hereinafter, "Exhibit B);[2] and

    b. Within ten (10) School Days of receiving a final Exhibit B from Defendants, Plaintiffs shall identify any Shelters from Exhibit B at which eight (8) or more families residing at the shelter report issues with cellular internet connectivity, and provide Defendants with supporting documentation of such reports ("Plaintiffs' Initial Reporting").

32. Upon receipt of Plaintiffs' Initial Reporting, Defendants shall respond as follows for any Shelters identified in Plaintiffs' Initial Reporting (the "Tier 1 Response"):

    a. DSS shall, within two (2) business days of receiving Plaintiffs' Initial Reporting, instruct Shelter staff to speak directly with each family at the Shelter to communicate the availability of the DOE Helpdesk and technical support, provided that such families have school-aged children, are in the shelter, and make themselves available for such direct communication; and

    b. DOE shall, within two (2) School Days of receiving Plaintiffs' Initial Reporting, instruct T-Mobile and Verizon to conduct testing at any such Shelters to assess the connectivity of SIM cards and/or individual hotspots utilizing T-Mobile or Verizon. Where that testing indicates a level of cellular service for those carriers that is insufficient to meet the needs of remote learning, DOE shall undertake best efforts to have tests for cellular connectivity of alternative cellular carriers performed at those Shelters within two (2) School Days of receiving the Verizon and T-Mobile results. If the level of cellular service of those

---

[2] Defendants may provide an amended Exhibit B to Plaintiffs after the date of the parties' execution of this Stipulation.

alternative carriers is determined to be sufficient to meet the needs of remote learning, DOE shall provide SIM cards and/or individual hotspots from those carriers to replace T-Mobile or Verizon SIM cards and/or individual hotspots, where appropriate; and

      c.     DOE shall, within one (1) School Day of receiving Plaintiffs' Initial Reporting, reach out to Shelter Staff to assess the need for on-site technical support. If such support is warranted at and requested by a Shelter or Shelter Staff, DOE shall deploy a technical team to provide support to any family reporting issues or requesting such support, including but not limited to SIM card swaps and signal boosting if appropriate; and

      d.     DOE shall determine the eligibility of children of identified families reporting issues for Learning Bridges placements who provide sufficient information so that a determination can be made, and make offers of enrollment to eligible children; and

      e.     For Shelters where community WiFi hotspots currently exist within 200 feet of the building, DoITT shall instruct Charter and/or Altice to make such hotspots available for any identified and contactable family for whom connectivity through the hotspot exceeds connectivity using cellular data, subject to feasibility and security concerns. Defendants make no representations or guarantees that the connectivity provided by the hotspot will be sufficient for remote learning.

33. Where Plaintiffs have received reports that do not meet the eight (8) family threshold but nonetheless contain documented qualitative evidence of a cellular connectivity issue at the Shelter level, DOE shall, within two (2) School Days of receiving the reports, conduct testing of cellular internet connectivity. Defendants will then provide a report to Plaintiffs with Defendants' course of action, which may include one or more of the Tier 1 Responses.

9

34. For any Shelters identified in Plaintiffs' Initial Reporting where families consented to accepting Defendants' assistance and are contactable by Defendants, and Defendants have been unable to resolve those families' cellular internet connectivity problems through Tier 1 Response measures or other alternatives, Defendants shall respond as follows ("Tier 2 Response"):

    a.    DHS and/or HRA shall, within one (1) week of the date on which the Tier 1 Responses have been unsuccessfully exhausted, determine whether it is possible to offer to relocate the family to another unit within the same Shelter or to a unit in another Shelter with internet connectivity that is sufficient for remote learning; and/or

    b.    DoITT shall confer no more than twice a month with Charter or Altice (as applicable) to determine whether it is possible to expedite the installation of WiFi at the affected shelter.

    c.    Prior to the transfer of any student to a different unit in any Shelter, or to a new Shelter location, including as a conditional placement in the DHS shelter system, DSS shall confirm that there is sufficient connectivity in that unit. Sufficient connectivity is not construed to mean "in-unit" WiFi and may include shared WiFi solutions and/or cellular connectivity. Nothing herein will restrict DSS' ability to close facilities that are planned to close.

35. If, at any time after Plaintiffs' Initial Reporting, Plaintiffs' Counsel becomes aware of any Shelter that meets the criteria for Plaintiffs' Initial Reporting and at which WiFi has not yet been installed, Plaintiffs' Counsel shall inform Defendants' counsel and provide supporting documentation of such reports ("Plaintiffs' Subsequent Reporting"). If Plaintiffs' Subsequent Reporting identifies a shelter at which WiFi installation is not scheduled to be completed within

two (2) weeks of the date on which Plaintiffs' Counsel provide the Subsequent Reporting, Defendants will follow the Tier 1 Response and, if applicable, the Tier 2 Response, procedures.

36. For Plaintiffs' Initial or Subsequent Reporting, Plaintiffs shall provide all information available to Plaintiffs that identifies the Shelter(s) (*e.g.* shelter name and address) and the student(s) reporting internet connectivity issues, subject to Plaintiffs obtaining the family/ie(s)' or student(s)' consent to provide personal identifying information to DOE for the purpose of assisting them with their internet connectivity issues. Plaintiffs will undertake best efforts to obtain consent from families and/or students to provide personal identifying information to DOE.

37. Plaintiffs' Counsel and Defendants' Counsel shall schedule meetings at least twice per month to discuss the status of WiFi installation at Shelters where installation is not yet complete until Defendants have completed installation at all Shelters on Exhibit A other than those Shelters that have installed hallway access points where in-unit modems and routers will be installed after other shelters on Exhibit A are completed or have not yet opened. The parties reserve the right to agree to cancel scheduled meetings or meet more frequently as needed.

38. At least twice per month until Defendants have completed installation at all Shelters on Exhibit A other than those Shelters that have installed hallway access points where in-unit modems and routers will be installed after other shelters on Exhibit A are completed or have not yet opened, Defendants will provide to Plaintiffs' Counsel the most updated Dashboard Spreadsheet and DOE Helpdesk Data concerning connectivity issues in Shelters. Defendants are under no obligation to perform quality control regarding the DOE Helpdesk Data prior to providing it to Plaintiffs' counsel.

39. The parties reserve the right to agree to exchange additional information as needed.

## V. JURISDICTION

40. The parties agree to submit all disagreements arising under or relating to this Stipulation to the Court, and hereby consent to the Court's exercise of jurisdiction over all such disagreements.

41. The Court's jurisdiction over this Agreement shall terminate at the end of the Settlement Period.

## VI. ENFORCEMENT

42. From the date of execution of this Stipulation until the end of the Settlement Period, if Plaintiffs' counsel believes that Defendants have failed to substantially comply with the provisions of this Stipulation, Plaintiffs' Counsel shall notify Defendants' Counsel in writing of the nature and specifics of the alleged failure to comply and shall specify the basis for such belief, including any reports upon which such belief is based. Such written notice shall be provided at least fifteen (15) calendar days before any motion is made for enforcement of this Stipulation, unless it is not possible to provide fifteen (15) calendar days' notice due to exigent circumstances (in which case Plaintiffs will provide as much notice as is practicable). During the fifteen-day period following notice, the parties' counsel shall meet in an attempt to arrive at a resolution of the alleged failure to comply.

43. If no resolution is reached within fifteen (15) days from the date of notice, Plaintiffs may move the Court for an order enforcing the provisions of this Stipulation of which they provided notice of substantial noncompliance to Defendants under the terms of this Stipulation. In the event that the parties agree to a plan to cure an alleged violation and Plaintiffs believe the violation has still not been cured, Plaintiffs must provide at least ten (10) days' notice before any motion is made for enforcement of this Stipulation.

## VII. RELEASE

44. Upon the Effective Date, the Plaintiffs, Class Members, and their heirs, administrators, representatives, successors, and assigns, and each of them, hereby release and discharge the City of New York and its agencies (including, but not limited to, the New York City Department of Social Services, the New York City Human Resources Administration, the New York City Department of Homeless Services, the New York City Department of Information Technology and Telecommunications) and the New York City Department of Education, and their divisions, departments, officers, employees, agents, successors and assigns from any and all Settled Claims. Settled Claims are any and all claims or rights of action that were or could have been asserted in this Action by the Plaintiffs and/or all Class Members that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved, set forth, or referred to in the Amended Class Action Complaint.

45. Plaintiffs' Counsel are not currently aware of and are not planning to assert on behalf of any client, additional claims arising from the facts alleged in the Amended Class Action Complaint. Plaintiffs' Counsel agree not to solicit new clients for the purpose of asserting any such claims or advising on any such claims during the Settlement Period. Nothing in this paragraph shall be construed to restrict, in a manner in contravention of the law of any U.S. state, Plaintiffs' Counsel's right to practice law.

## VIII. GENERAL PROVISIONS

46. The Protective Order regarding confidential information, entered by the Court on January 19, 2021, shall remain in effect without regard to the termination of this Stipulation.

47. Any information or documents provided by one party to the other shall be subject to the provisions of the Protective Order entered on January 19, 2021.

48. Nothing contained in this Stipulation and Order shall be deemed to be a finding or an admission that Defendants have in any manner violated Plaintiffs' or any Class Members' rights as contained in the Constitution, Statutes, Ordinances, Rules, and/or Regulations of the United States, the State of New York, or the City of New York or at common law.

49. Nothing in this Stipulation and Order shall create any rights or obligations other than those expressly described herein, or otherwise provided by law.

50. If, pursuant to Paragraph 22, the Stipulation is terminated, or if, for any other reason, the Effective Date does not occur or the Stipulation is cancelled, terminated, or fails to become final in accordance with its terms, the parties shall be restored to their respective positions prior to the execution of this Stipulation and all releases delivered in connection with the Stipulation shall be null and void. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the parties, including any Class Member, and shall not be used in this action or in any other proceeding for any purpose.

51. This Stipulation shall not be admissible in, nor is it related to, any other proceeding.

52. This Stipulation is enforceable only by the Court and by the parties and is binding upon the parties, by and through their officials, agents, employees, assigns, and successors.

53. Pursuant to this Stipulation, if the Court approves the settlement, Plaintiffs and Plaintiffs' counsel waive all rights or claims to attorneys' fees or costs incurred in this litigation, including the implementation of this Stipulation.

54. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time or written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant action shall be deemed to bind the parties hereto or to vary the terms and conditions contained herein.

55. All written notifications sent pursuant to this Stipulation and all other correspondence concerning this Stipulation shall be sent by electronic mail to the following addresses, or to such other address as the recipient named below shall specify by notice in writing:

To Plaintiffs' Counsel

    Susan J. Horwitz
    Joshua Goldfein
    Beth Hofmeister
    Kathryn Kliff
    The Legal Aid Society
    199 Water Street
    New York, NY 10038
    shorwitz@legal-aid.org
    jgoldfein@legal-aid.org
    bchofmeister@legal-aid.org
    kkliff@legal-aid.org

    Grant R. Mainland
    Alison Bonelli
    Emily Lilburn
    Maria Esperanza Ortiz
    Milbank LLP
    55 Hudson Yards
    New York, NY 10001
    gmainland@milbank.com
    abonelli@milbank.com
    elilburn@milbank.com
    mortiz@milbank.com

To Defendants' Counsel

    Sabita Krishnan
    Melanie Ash
    Hope Lu
    New York City Law Department
    100 Church Street
    New York, NY 10007
    skrishna@law.nyc.gov
    mash@law.nyc.gov
    hlu@law.nyc.gov

56. This Stipulation and Order of Settlement is final and binding upon the parties, their successors, and their assigns.

Dated: April 5, 2021
       New York, New York

**THE LEGAL AID SOCIETY**

_____

Susan J. Horwitz
Joshua Goldfein
Beth Hofmeister
Kathryn Kliff
199 Water Street
New York, NY 10038
Telephone: (212) 577-3300
SHorwitz@legal-aid.org

**MILBANK LLP**

_____

Grant R. Mainland
Alison Bonelli
Emily Lilburn
Maria Esperanza Ortiz
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5251
GMainland@milbank.com

*Attorneys for Plaintiffs*

DATED: April 5, 2021

JAMES E. JOHNSON, CORPORATION
COUNSEL OF THE CITY OF NEW YORK

*/s/ Sabita Krishnan*

Sabita Krishnan
Melanie Ash
Hope Lu
New York City Law Department
100 Church Street, 20th Floor
New York, NY 10007
Telephone: (212) 356-2273
skrishna@law.nyc.gov

**Attorneys for Defendants**

17

IT IS HEREBY ORDERED that:

1. This Stipulation is entered as an order of the Court and thereby takes effect pursuant to paragraph 7.

DATED: April 6, 2021

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE