```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
E.G., individually and as parent and natural        :
guardian of A.I. and L.I., minor children;          ::     No. 20-cv-9879 (AJN)
M.M., individually and as parent and natural        ::
guardian of E.H., L.H., E.P., and E.P.,             ::
minor children; O.M., individually and as           ::
parent and natural guardian of A.M., a minor        ::
child; and COALITION FOR THE                        ::
HOMELESS, on behalf of themselves and               ::
all others similarly situated,                      ::
                                                    ::
                    Plaintiffs,                     ::
                                                    ::
         -against-                                  ::
                                                    ::
THE CITY OF NEW YORK; NEW YORK                      ::
CITY DEPARTMENT OF EDUCATION;                       ::
MEISHA ROSS PORTER, as Chancellor of                ::
the New York City Department of Education;          ::
NEW YORK CITY DEPARTMENT OF                         ::
SOCIAL SERVICES; STEVEN BANKS, as                   ::
Commissioner of the New York City                   ::
Department of Social Services; NEW YORK             ::
CITY DEPARTMENT OF HOMELESS                         ::
SERVICES; JOSLYN CARTER, as                         ::
Administrator of the New York City                  ::
Department of Homeless Services; NEW                ::
YORK CITY HUMAN RESOURCES                           ::
ADMINISTRATION; GARY JENKINS as                     ::
Administrator of the New York City Human            ::
Resources Administration; NEW YORK CITY             ::
DEPARTMENT OF INFORMATION                           ::
TECHNOLOGY AND                                      ::
TELECOMMUNICATIONS; and JESSICA                     ::
TISCH, as Commissioner of the New York              ::
City Department of Information Technology           ::
and Telecommunications,                             ::
                                                    ::
                    Defendants.                     ::
--------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/21

## ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE AND HEARING

**WHEREAS**, Plaintiffs commenced the instant lawsuit as a class action complaint on November 24, 2020, alleging that Defendants violated federal and state law by denying homeless students living in shelters their right to a sound basic education through their failure to provide reliable internet service at shelters throughout the City;

**WHEREAS**, Plaintiffs filed an Amended Class Action Complaint on December 14, 2020;

**WHEREAS**, Defendants deny the allegations contained in the Amended Class Action Complaint;

**WHEREAS**, by order dated December 30, 2020, the Court denied Defendants' request to deny the preliminary injunction motion based on the existing record and granted Plaintiffs' request for expedited discovery on all disputed factual issues in advance of an evidentiary hearing, but otherwise did not grant any interim relief;

**WHEREAS**, no finding of liability has been made;

**WHEREAS**, the Plaintiffs established that the Class meets the requirements for class certification under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and that the action would be most appropriately litigated as a class action;

**WHEREAS**, the parties further agree that, in order to resolve this litigation expeditiously and without needless motion practice, it is in the parties' joint interests to certify, for purposes of settlement, a mandatory plaintiff class pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the Court is familiar with and has reviewed the record in this action and has reviewed the Stipulation of Settlement dated as of April 5, 2021 (the "Settlement") and found good cause for entering the following Preliminary Approval Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court preliminarily approves the Settlement and the terms set forth therein, subject to further consideration at the fairness hearing described below.

2. This Preliminary Approval Order hereby incorporates by reference the definitions in the Settlement, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Settlement.

3. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes, a mandatory Class consisting of:

> All 3-K to 12th grade students, and custodial parents or guardians of such students, who are enrolled in any school, whether public or non-public, who currently reside in or resided in DHS Shelters for Families with Children and/or HRA Domestic Violence Shelters operated by or on behalf of the City of New York and/or any of its agencies at any time from March 26, 2020 through the end of the Settlement Period, and who lack or lacked reliable internet access inside said shelters at any time from March 26, 2020 through the end of the Settlement Period.

4. The Court finds, for purposes of settlement, that the proposed Class meets the requirements for a class action under Rule 23(a) of the Federal Rules of Civil Procedure because: (1) the number of plaintiffs is so numerous that joinder of all Class members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims of the named plaintiffs are typical of those of the Class; and (4) the named plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

5. The Court finds, for purposes of settlement, that the proposed Class meets the requirements for a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

6. Nothing contained herein shall be deemed to constitute an admission by the Defendants that any of their alleged actions or omissions violated Plaintiffs' rights under any federal or state law.

7. Attorneys from The Legal Aid Society and Milbank LLP are appointed as Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8. The Court approves, as to form and content, the Settlement Notice and finds that the proposed plan for distribution of the Settlement Notice set forth in the Settlement will provide the best notice practicable under the circumstances and satisfies the notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure, and other legal and due process requirements.

9. A hearing is appropriate to consider whether the Court should grant final approval of the Settlement, and to allow adequate time for members of the Class to support or oppose this Settlement. The Court will schedule a fairness hearing at least 104 days from the date of this order to permit notification of the proposed settlement to the relevant authorities pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act.

10. The Court hereby schedules a fairness hearing before this Court at __2:00 p.m.__ on __September 3, 2021__, to determine whether the proposed settlement of this action on the terms and conditions provided in the Settlement is fair, reasonable, and adequate to the Class and should be finally approved by the Court.

11. Any member of the Class may appear at the fairness hearing and show cause why the proposed settlement of this action as set forth in the Settlement should or should not be finally approved as fair, reasonable, and adequate, or Class members may send a letter to the Court postmarked no later than __August 13__, 2021, as provided in the Settlement Notice. Any Class

- 5 -

member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection to the fairness of the Settlement.

12. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: May 7th, 2021

_____
Hon. Alison J. Nathan
United States District Judge