USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
E.G., individually and as parent and natural guardian of A.I. and L.I., minor children; M.M., individually and as parent and natural guardian of E.H., L.H., E.P., and E.P., minor children; O.M., individually and as parent and natural guardian of A.M., a minor child; and COALITION FOR THE HOMELESS, on behalf of themselves and all others similarly situated,

        Plaintiffs,

   -against-

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; MEISHA ROSS PORTER, as Chancellor of the New York City Department of Education; NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES; STEVEN BANKS, as Commissioner of the New York City Department of Social Services; NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; JOSLYN CARTER, as Administrator of the New York City Department of Homeless Services; NEW YORK CITY HUMAN RESOURCES ADMINISTRATION; GARY JENKINS as Administrator of the New York City Human Resources Administration; NEW YORK CITY DEPARTMENT OF INFORMATION TECHNOLOGY AND TELECOMMUNICATIONS; and JESSICA TISCH, as Commissioner of the New York City Department of Information Technology and Telecommunications,

        Defendants.
-------------------------------------------------------x

No. 20-cv-9879 (AJN)

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

- 2 -

WHEREAS, Plaintiffs commenced the instant lawsuit as a class action complaint on November 24, 2020, alleging that Defendants violated federal and state law by denying homeless students living in shelters their right to a sound basic education through their failure to provide reliable internet service at shelters throughout the City;

WHEREAS, Plaintiffs filed an Amended Class Action Complaint on December 14, 2020;

WHEREAS, Defendants deny the allegations contained in the Amended Class Action Complaint;

WHEREAS, by order dated December 30, 2020, the Court denied Defendants' request to deny the preliminary injunction motion based on the existing record and granted Plaintiffs' request for expedited discovery on all disputed factual issues in advance of an evidentiary hearing, but otherwise did not grant any interim relief;

WHEREAS, no finding of liability has been made;

WHEREAS, the parties through their respective counsel have entered into a settlement as of April 5, 2021;

WHEREAS, the Plaintiffs established that the Class meets the requirements for class certification under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and the action would be most appropriately litigated as a class action;

WHEREAS, the parties further agree that, in order to resolve this litigation expeditiously and without needless motion practice, it is in the parties' joint interests to certify, for purposes of settlement, a mandatory plaintiff class pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure; and

WHEREAS, the Court reviewed the parties' Stipulation and Order of Settlement, so-ordered on April 6, 2021 (the "Stipulation of Settlement" or "Settlement"), and found good cause

for entering the Order Preliminarily Approving Class Action Settlement and Providing for Notice and Hearing on May 7, 2021 (the "Preliminary Approval Order");

**WHEREAS**, notice of the Settlement was provided to the Class members substantially in accordance with the Stipulation of Settlement and the Preliminary Approval Order;

**WHEREAS**, notice to the New York State Education Department, New York Attorney General, and United States Attorney General was provided on or about May 6, 2021 in accordance with the Class Action Fairness Act, 28 U.S.C. §1715, and supplemental notice was provided to the same officials on May 14, 2021;

**WHEREAS**, the Preliminary Approval Order required that written objections by Class Members be postmarked no later than August 13, 2021, and no such objections have been received by the Court;

**WHEREAS**, a fairness hearing was duly held on September 3, 2021 before this Court pursuant to Federal Rule of Civil Procedure 23(e)(2) to determine whether the terms and conditions of the Settlement are fair, reasonable, and adequate for the settlement of all claims asserted by the members of the Class;

**WHEREAS**, the Court, having considered all matters submitted to it at the fairness hearing, along with all prior submissions by the parties regarding the Settlement, and otherwise having determined the fairness, reasonableness, and adequacy of the Settlement with respect to the claims of members of the Class;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation of Settlement.

2. The agreed-upon Class is finally certified pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, for the purposes of settling the claims brought by Plaintiffs against the Defendants in this action. The mandatory Class consists of:

> All 3-K to 12th grade students, and custodial parents or guardians of such students, who are enrolled in any school, whether public or non-public, who currently reside in or resided in DHS Shelters for Families with Children and/or HRA Domestic Violence Shelters operated by or on behalf of the City of New York and/or any of its agencies at any time from March 26, 2020 through the end of the Settlement Period, and who lack or lacked reliable internet access inside said shelters at any time from March 26, 2020 through the end of the Settlement Period.

3. The Settlement is procedurally fair, resulting from arms-length negotiations by the parties.

4. The Settlement is substantively fair, reasonable, and adequate in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

5. Notice of the Settlement was given substantially in accordance with the Stipulation of Settlement and the Preliminary Approval Order, and in compliance with the Class Action Fairness Act, 28 U.S.C. §1715. Therefore, it is hereby determined that all members of the Class are bound by this Order.

6. Plaintiffs' Motion for Class Certification and Final Approval of Class Action Settlement is hereby GRANTED in all respects, and the parties are directed to comply with the Stipulation of Settlement terms and provisions.

7. The releases set forth in Section VII of the Stipulation of Settlement (the "Releases"), together with the definitions contained in Section I relating thereto, are expressly incorporated herein in all respects and so-ordered. As provided in the Stipulation of Settlement, the Plaintiffs, Class Members, and their heirs, administrators, representatives, successors, and assigns, and each of them, are hereby deemed to have released and discharged the City of New York and its agencies

(including but not limited to the New York City Department of Social Services, the New York City Human Resources Administration, the New York City Department of Homeless Services, the New York City Department of Information Technology and Telecommunications) and the New York City Department of Education, and their divisions, departments, officers, employees, agents, successors and assigns from any and all Settled Claims.  Settled Claims are any and all claims or rights of action that were or could have been asserted in this Action by the Plaintiffs and/or all Class Members that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations, or omissions involved, set forth, or referred to in the Amended Class Action Complaint.  No Class Member is relieved from the Releases based upon the contention or proof that such Class Member failed to receive actual notice of the Settlement.

8. Nothing contained herein shall be deemed to constitute an admission by the Defendants that any of their alleged actions or omissions violated Plaintiffs' rights under any federal or state law.

9. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement until the end of the Settlement Period.

IT IS SO ORDERED.

Dated: September  3 , 2021

_____
Hon. Alison J. Nathan
United States District Judge